**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. REBECCA SPRINGER,<br><br>Plaintiff,<br><br>vs.<br><br>HENDRY COUNTY HOSPITAL AUTHORITY, d/b/a HENDRY REGIONAL MEDICAL CENTER; SMALL HOSPITAL INNOVATIONS, LLC; OVATION HEALTHCARE, LLC, f/k/a/ QHR HEALTH,<br><br>Defendants. | Case No. 2:22-cv-00537-SPC-NPM |

---

**DEFENDANT HRMC'S REPLY IN SUPPORT OF MOTION TO DISMISS RELATOR'S AMENDED COMPLAINT**

Despite the plethora of available Eleventh Circuit precedent, Relator's Response [DE 62] relies disproportionately on a Fifth Circuit case, *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009). A multitude of Eleventh Circuit cases, including cases cited in her Response, illustrate that the pleading standard applied by the Eleventh Circuit is not met by this Amended Complaint.

Relator suggests that in the course of "refining" its reliability analysis in *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301 (11th Cir. 2002), the Eleventh Circuit has relaxed its pleading requirements. *See* DE 62 at 12-13, fn 1. To

the contrary, the Eleventh Circuit's post-*Clausen* rulings make clear that, while there may be narrow exceptions, *Clausen* remains the rule. Specifically, *U.S. v. Atlanta Primary Care Peachtree, PC*, No. 2313845, 2025 WL 1823269 (11th Cir. July 2, 2025), a case cited on page 15 of Relator's Response, demonstrates that Eleventh Circuit rulings since *Clausen* do not excuse Relator from the requirement of alleging representative claims that were billed or paid to survive dismissal.

The *Atlanta Primary Care* decision is instructive. There, a front office worker alleged schemes involving medically unnecessary tests, self-referral, and kickbacks. Citing *Clausen*, the court reiterated the controlling rule: to survive a motion to dismiss, a relator "must include details about specific false claims submitted to the government or paid by it — like 'copies of . . . actual bill[s],' the 'actual dates of claims,' completed billing forms, or 'the amount of any charges.'" *Id.* at *4 (quoting *Clausen*, 290 F.3d at 1306). The court squarely rejected the relator's argument that Rule 9(b)'s requirements should be "relaxed" based on her employment:

> McKoy is correct that in some cases we have held that specific relators did not need to include details about representative claims. . . . But McKoy isn't anything like those relators. Those relators had direct, personal knowledge of the allegedly fraudulent schemes either because they provided the services billed for or because their job required them to know the defendant's billing practices or placed them in the defendant's billing department. . . . Neither applies to McKoy. Thus, the usual rule 9(b) standard applies to her amended complaint.

*Id.* at *5 (internal citations omitted). By contrast, in *Vargas v. Lincare, Inc.*, the Eleventh Circuit reversed the dismissal of one of the relators' four alleged schemes because they included a chart with specific claim numbers, dates, amounts, and billing codes. 134 F.4th 1150, 1158 (11th Cir. 2025).

Despite Relator's claimed "company insider status," the conclusory allegations and absence of billing statements in her Amended Complaint illustrate that she lacks personal knowledge of HRMC's submission of claims.[1] The Eleventh Circuit has excused relators from pleading representative claims only under narrow circumstances inapplicable here. In *Mastej*, cited on pages 12-13 of Relator's brief, the court permitted claims to proceed without exact billing data because the relator (1) held executive positions at both defendants, (2) personally participated in meetings where Medicare patients and billing were discussed, and (3) was directly involved in negotiating the allegedly illegal contracts. *Mastej*, 591 F. App'x at 707. Unlike the *Mastej* relator, Relator here alleges no role in billing operations, no participation in contract negotiations, and no direct involvement in the submission of claims to government healthcare programs.

[1] In an apparent effort to bolster her lack of details, the Response asserts that Relator "personally audited" about 50 patient files and determined all were improperly billed. DE 62 at 5, 9. The Amended Complaint is what controls; it only used the word "audit" in connection with an outside audit of the pain management clinic. DE 31 ¶¶ 126-129. Moreover, the Amended Complaint lacks any indicia of an actual audit of any claims presented to Medicare or Medicaid.

Moreover, the Eleventh Circuit expressly limited *Mastej*'s holding to the type of fraud alleged. The court emphasized that the exception arose because the claims at issue—*Stark* law and anti-kickback violations—"d[id] not depend as much on the particularized medical or billing content of any given claim form." *Id.* at 708. The court was careful to distinguish claims requiring particularized billing content:

> **In other FCA cases, the allegation is that a defendant's Medicare claim contained a false statement because the claim sought reimbursement** for particular medical services never rendered to the patient, . . . or **for medical services that were unnecessary, overcharged, or miscoded,** . . . or for improper prescriptions, . . . or for services not covered by Medicare . . . . **In those types of cases, representative claims with particularized medical and billing content matter more**, because the falsity of the claim depends largely on the details contained within the claim form—such as the type of medical services rendered, the billing code or codes used on the claim form, and what amount was charged on the claim form for the medical services.

*Id.* (emphasis added). Because Relator alleges billing for medically unnecessary services—precisely the claim type the *Mastej* court identified as requiring particularized billing content—she cannot invoke the narrow exception to the representative claims requirement.

Relator's anti-kickback claims fare no better. In *Mastej*, the relator satisfied Rule 9(b) by pleading specific information: "the names of doctors who received the incentives, the names of the Defendants' employees who negotiated the incentives with the doctors, precisely what the incentives were, when they were provided, why

they were provided, and why they were illegal." *Id.* at 705 (citing *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009)). Similarly, the *Atlanta Primary Care* relator's self-referral and kickback claims survived dismissal because she pleaded specific examples: a check received and a phone call made on specified dates, along with particulars of a representative claim submitted to Medicare, including a billing amount and claim number. *Atlanta Primary Care*, 2025 WL 1823269 at *7. Relator here provides none of these specifics. Her Amended Complaint identifies no particular physician, no specific kickback, no date on which any payment or benefit was provided, and no representative claim with billing details.

Even under the more relaxed Fifth Circuit decision in *Grubbs*—which is not binding here—Relator's Amended Complaint fails. The *Grubbs* relator alleged billing for services not performed, the same category of claims for which the Eleventh Circuit mandates representative claims. *Grubbs*, 565 F.3d at 184-85; *Mastej*, 591 F. App'x at 708. In the absence of details of an actually submitted false claim, the Fifth Circuit required "alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Grubbs*, 565 F.3d at 190. Details leading to a strong inference that claims were actually submitted include "dates and descriptions of recorded, but unprovided services and a description of the billing system that the

records were likely entered into." *Id.* at 191. The *Grubbs* relator satisfied this standard by including specific dates on which each doctor falsely claimed to have provided services to patients, along with other information that would have been included in the bills. *Id.* at 192. Relator provides no comparable detail—no dates, no descriptions of wrongly provided services, no billing system description—and thus fails even the persuasive authority she relies upon.

In sum, Relator cannot satisfy the Eleventh Circuit's requirement for representative claims, nor can she avail herself of the narrow exceptions recognized in cases like *Mastej*. Unlike the relators in those cases, Relator held no executive position, participated in no billing operations, negotiated no allegedly illegal contracts, and provides no factual indicia of knowledge regarding when or how HRMC submitted claims to federal healthcare programs. Because the Amended Complaint lacks the particularity required by *Clausen* and its progeny, and because Relator's claims for unnecessary services and anti-kickback violations are precisely the types of claims requiring representative billing details, this Court should dismiss the Amended Complaint.

For these reasons and those articulated in HRMC's Motion to Dismiss [DE 55], HRMC respectfully requests an Order: (1) dismissing the Amended Complaint without prejudice, and (2) granting any other relief deemed just and appropriate under the circumstances.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *Michael J. Bittman*
Michael J. Bittman (Lead Counsel)
Florida Bar 347132
Mike.Bittman@nelsonmullins.com
390 North Orange Avenue
Suite 1400
Orlando, FL 32801
407.669.4200

Erica M. James
Fla. Bar No. 1040231
erica.james@nelsonmullins.com
100 North Tampa Street
Suite 2460
Tampa, FL 33602
813.225.3014

*Counsel for Defendant Hendry County Hospital Authority, d/b/a Hendry Regional Medical Center*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of July 2026, I filed the foregoing with the Clerk of Court by using the CM/ECF System which will send notice of electronic filing to the following:

| | |
|---|---|
| Jill S. Schwartz, Esq.<br>John M. Hunt, Esq.<br>JILL S. SCHWARTZ & ASSOCIATES | Jeremy R. Bloor, Esq.<br>US ATTORNEY'S OFFICE – FLM<br>400 W. Washington St., Ste. 3100<br>Orlando, FL 32801 |

| | |
|---|---|
| 655 W. Morse Blvd., Ste. 212<br>Winter Park, FL 32789<br>jschwartz@schwartzlawfirm.com<br>jhunt@schwartzlawfirm.com<br><br>Counsel for Plaintiff, Rebecca Springer<br><br>Nathan Peak, Esq.<br>(Admitted Pro Hac Vice)<br>District of Columbia Bar No. 978215<br>**Bracker & Marcus LLC**<br>3355 Lenox Road, Suite 660<br>Atlanta, Georgia 30326<br>Nathan@fcacounsel.com<br><br>Co-Counsel for Plaintiff, Rebecca Springer | jeremy.bloor@usdoj.gov<br><br>Chad C. Spraker, Esq.<br>UNITED STATES ATTORNEY'S OFFICE<br>2110 First St., Ste. 3-137<br>Fort Myers, FL 33901<br>chad.spraker@usdoj.gov<br><br>Counsel for Plaintiff, United States of America |
| Matthew F. Vitale, Esq.<br>ASSISTANT ATTORNEY GENERAL<br>MEDICAID FRAUD CONTROL UNIT/COMPLEX CIVIL ENFORCEMENT BUREAU<br>1300 Riverplace Blvd.<br>Jacksonville, FL 32207<br>matthew.vitale@myfloridalegal.com<br><br>Counsel for Plaintiff, State of Florida | Rod A. Feiner, Esq.<br>COKER & FEINER<br>1133 Southeast 4th Ave.<br>Fort Lauderdale, FL 33316<br>rafeiner@coker-feiner.com<br><br>Counsel for Defendant, Small Hospital Innovations, LLC |
| Heather Gwinn, Esq.<br>Denise Rushton, Esq.<br>**GORDON REES SCULLY MANSUKHANI**<br>13361 Atlantic Blvd.<br>Jacksonville, FL 32225<br>Email: hgwinn@grsm.com (primary)<br>Email: drushton@grsm.com (primary)<br>Email: gfox@grsm.com (secondary) | |

| | |
|---|---|
| Email: llacayo@grsm.com (secondary)<br><br>and<br>Christine Stickley, Esq.<br>(Pending PHV Admission)<br>555 Seventeenth Street, Suite 3400<br>Denver, CO 80202<br>Email: cstickley@grsm.com<br><br>Counsel for Defendant Ovation Healthcare,<br>LLC, f/k/a QHR Health | |

*Michael J. Bittman*
Michael J. Bittman