UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA
ex rel. REBECCA SPRINGER,

Plaintiff-Relator,

v. Case No.: 2:22-cv-537-SPC-NPM

HENDRY COUNTY HOSPITAL
AUTHORITY, etc., et al.,

Defendants.

---

**OPINION AND ORDER**

Before the Court are Defendant Hendry County Hospital Authority's Amended Motion to Dismiss (Doc. 74), Defendant Ovation Healthcare LLC's Amended Motion to Dismiss (Doc. 75), and Plaintiff-Relator Rebecca Springer's ("Relator") response (Doc. 76). For the following reasons, the motions are granted.

Defendants move to dismiss the amended complaint in part on shotgun pleading grounds. Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sheriff's Office*, 792

F.3d 1313, 1321–23 (11th Cir. 2015) (defining the four types of shotgun pleadings).

In this qui tam action, Relator brings seven claims against three defendants in the amended complaint. (Doc. 31). The amended complaint begins with 130 general allegations, then incorporates all of those into every count brought against "all defendants."[1] (*See generally id.*). This is true regardless of whether the facts pertain to the applicable claim. (*See generally id.*). Specifically, because each claim consists of different elements, wholesale incorporation of all introductory allegations into each count necessarily results in the incorporation of irrelevant factual allegations into each count. Moreover, because all but one claim is brought against "all defendants" collectively, each defendant must sort through the 130 general allegations for six separate claims to find those applicable to it and determine what exactly it is being accused of.

This pleading tactic constitutes a quintessential shotgun pleading. *See Johnson Enters. of Jacksonville v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (stating that impermissible shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of

[1] Count VII, the only count brought against a single defendant, incorporates 100 of the 130 general allegations. (Doc. 31 at 32–33). Thus, it suffers from the same defects as the remaining counts addressed herein.

the claims for relief" and then "[t]he general allegations are incorporated by reference into each count of the complaint."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding the complaint was an "all-too-typical shotgun pleading" because "[e]ach count has two numbered paragraphs, the first of which incorporates by reference all forty-three paragraphs of factual allegations"); *Tennison v. City of Decatur, Alabama*, No. 5:25-CV-1466-HDM, 2026 WL 539472, at *4 (N.D. Ala. Feb. 26, 2026) ("This undifferentiated mass incorporation of factual paragraphs into each claim renders the complaint a shotgun pleading.").

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Even so, in non-merits dismissals on shotgun pleading grounds, the Eleventh Circuit requires district courts to allow a litigant one chance to remedy such deficiencies. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). This is Relator's chance.

Because the Court dismisses the complaint without prejudice on shotgun pleading grounds alone, the Court does not specifically address the remaining arguments raised in the motions to dismiss. However, the Motions are well taken. The operative complaint appears defective in several ways as set forth in those motions. For example, the operative complaint does not appear to allege fraud, an illegal kickback scheme, or a conspiracy with particularity as

required to state various claims. (*See* Docs. 31, 74, 75.) She also lacks the specificity required to state a cause of action. Thus, while amending the complaint, Relator should take Defendants' arguments into consideration and ensure that the amended complaint adequately states its claims under Rule 12(b)(6) and the heightened pleading standard of Rule 9(b), among other things. (*See generally* Docs. 74, 75). Failure to correct any defects raised in the motions to dismiss may result in the dismissal of any amended complaint with prejudice.

Accordingly, it is now **ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 74, 75) are **GRANTED**.
2. Relator's Amended Complaint (Doc. 31) is **DISMISSED without prejudice**.
3. On or before **December 8, 2026**, Relator must file an amended complaint that corrects the deficiencies outlined above. **Failure to comply may result in the Court dismissing and closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on November 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record